# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **I.D. No. 30901716DI** |
| | ) | |
| BENJAMIN WHITEMAN, | ) | **Cr. A. No. IN89-03-1597** |
| **Defendant.** | ) | |

Submitted: January 2, 2020
Decided: April 28, 2020

## ORDER

*Upon Defendant Benjamin Whiteman's Request for a Certificate of Eligibility to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**DENIED.**

This 28th day of April, 2020, upon consideration of the Defendant Benjamin Whiteman's Request for a Certificate of Eligibility (D.I. 149), the Attorney General's response thereto (D.I. 153), the parties' arguments at the hearing of this request (D.I. 154 and 156), and the record in this matter, it appears to the Court that:

## A. Factual and Procedural Background

(1)    In March 1989, a New Castle County grand jury indicted Whiteman for three counts of Unlawful Sexual Contact in the Second Degree, one count of Unlawful Sexual Penetration in the Third Degree, and one count of Tampering with a Witness.[1]

---

[1]    Indictment, *State v. Benjamin Whiteman*, ID No. 30901716DI (Del. Super. Ct. Mar. 29, 1989) (D.I. 1).

(2)     These multiple charges arose from the following circumstances previously recounted by the Delaware Supreme Court:

> In February 1989, Whiteman was living at the home of the parents of two young girls-one age eight, the other age three.  On February 19, the parents of the two girls went out to dinner, leaving the children at home with Whiteman.  After the parents left, Whiteman and the two girls began watching television.  Whiteman asked the older girl to sit on the couch next to him.  He then began to rub her leg.  Next, he lifted her robe and placed his finger in her vagina.  Whiteman then went over to the younger girl and inserted his finger in her vagina.  Whiteman threatened to harm the older girl if she told anyone what happened.[2]

(3)     By February 1989, Whiteman had already been declared a habitual criminal under the provisions of 11 *Del. C.* Section 4214(a).  That happened when he was convicted of second-degree burglary less than two years earlier.[3]  But at that earlier burglary sentencing, he was spared the life term the judge could have imposed and was instead sentenced to a term of years.[4]

---

[2]     *Whiteman v. State,* 1991 WL 12112, at *1 (Del. Jan. 11, 1991).

[3]     *See* Order, *State v. Benjamin Whiteman*, ID No. 30604628DI (Del. Super. Ct. Jun. 19, 1987) (Order declaring Whiteman to be a habitual criminal under 11 *Del. C.* § 4214(a)) (D.I. 9); DEL. CODE ANN. tit. 11, § 4214(a) (1986) (Providing that a person who had been thrice previously convicted of a felony and was thereafter convicted of another felony could be declared a habitual criminal.).

[4]     *See* Order, *State v. Benjamin Whiteman*, ID No. 30604628DI (Del. Super. Ct. Jun. 19, 1987) (Striking proposed language imposing a life sentence under 11 *Del. C.* § 4214(a) from State's proposed order declaring Whiteman a habitual criminal offender.); Sentencing Order, *State v. Benjamin Whiteman*, ID No. 30604628DI (Del. Super. Ct. Jun. 19, 1987) (Imposing three years of unsuspended imprisonment effective January 5, 1987, with an additional 89 days of credit for time previously served.); DEL. CODE ANN. tit. 11, § 4214(a) (1986) (Providing that upon sentencing a person who was declared a habitual criminal under that provision "the Court in which

(4)     On August 17, 1989, Whiteman was convicted, following a jury trial in this Court, of a single count of Unlawful Sexual Penetration Third Degree.[5]  His sentencing occurred about two months later, after a pre-sentence investigative report was prepared and the State had filed a habitual criminal petition on the lone sexual penetration conviction.[6]  For that felony sexual assault conviction, Whiteman was sentenced to a life term of imprisonment to be served under the provisions of the then-extant Habitual Criminal Act.[7]  Whiteman's sentencing order notes that his habitual criminal sentence was effective on March 15, 1989, and is to be served consecutive to any other sentence he was then serving.[8]

(5)     Whiteman has requested a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[9]  The Attorney General responded.[10]  And the Court heard oral

---

such fourth or subsequent conviction is had, in imposing sentence, may, in its discretion, impose a life sentence upon the person so convicted.").

[5]     D.I. 7.

[6]     D.I. 14.

[7]     Sentencing Order, *State v. Benjamin Whiteman*, ID No. 30901716DI (Del. Super. Ct. Oct. 27, 1989) (D.I. 15). *See Crosby v. State,* 824 A.2d 894, 897-99 (Del. 2003) (Explaining the history of Delaware's Habitual Criminal Act and the effect of a life sentence for an inmate like Whiteman).

[8]     *Id.*

[9]     D.I. 149; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

[10]     D.I. 153; Del. Super. Ct. Spec. R. 2017-1(c)(5) (Providing that the Attorney General shall file a written response to a request for certificate of eligibility.).

argument from the parties to determine Whiteman's eligibility to seek § 4214(f) relief.[11] The Court has carefully considered the parties' positions as to whether Whiteman can be granted a certificate of eligibility. He cannot.

### B. Whiteman Does Not Meet § 4214(f)'s Type-of-Sentence Requirement.

(6) The first eligibility requirement an inmate must meet to gain sentence relief under 11 *Del. C.* § 4214(f) is the type-of sentence requirement.[12] Whiteman does not meet this requirement because his life sentence was imposed solely within his sentencing judge's discretion.[13]

(7) When Whiteman was sentenced for third-degree unlawful sexual penetration as a habitual offender, section 4214(a) provided a habitual offender sentenced for that crime could receive either a term of years up to ten years;[14] *or* a

---

[11] D.I. 154; D.I. 156.

[12] *See State v. Lewis,* 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018) (Noting first two eligibility requirements for relief under 11 *Del. C.* § 4214(f).), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019); DEL. CODE ANN. tit. 11, § 4214(f) (2019) (Providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016.").

[13] DEL. CODE ANN. tit. 11, § 4214(a) (1988) (Allowing that upon sentencing a person who was declared a habitual criminal in 1989 under the non-mandatory provision of the Habitual Criminal Act, the Court "in imposing sentence, *may, in its discretion*, impose a life sentence upon the person so convicted.") (emphasis added).

[14] DEL. CODE ANN. tit. 11, § 770 (1988) (Defining Unlawful Sexual Penetration in the Third Degree as a class D felony.); DEL. CODE ANN. tit. 11, § 4205(2)(d) (1988) (Providing, in 1989, that "[t]he maximum term of imprisonment which the Court may impose . . . [f]or a class D felony, [was] 10 years.").

-4-

sentence of life imprisonment.[15]   No doubt, that was the law applicable to Whiteman's sentence.[16]   And, no doubt, Whiteman's counsel and sentencing judge understood that law.[17]   Because the sentencing judge exercised his discretion under § 4214(a) to sentence Whiteman to life imprisonment instead of some term of years at Level V incarceration, Whiteman received neither "a minimum sentence of not less than the statutory maximum penalty for a violent felony,"[18] nor a mandatory life

---

[15]     DEL. CODE ANN. tit. 11, § 4214(a) (1988).

[16]     The amendment of § 4214(a) allowing the Court "may in its discretion, impose a sentence of *up to* life imprisonment upon the person so convicted" but need not impose any term of imprisonment for the triggering felony occurred in 1990 as part of the Truth-In-Sentencing Act. 67 DEL. LAWS ch. 350, § 37 (1990) (emphasis added) (Deleting from § 4214(a) the phrase "may, in its discretion, impose a life sentence upon the person so convicted" and substituting in lieu thereof the phrase "may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted."); *Crosby,* 824 A.2d at 900. While the amendment to § 4214(a) requiring the Court to impose **any** form or minimum sentence under that provision did not occur until six years thereafter. *See* 70 DEL. LAWS ch. 477, § 2 (1996).

[17]     Sentencing Transcript, *State v. Benjamin Whiteman*, ID No. 30901716DI (Del. Super. Ct. Oct. 27, 1989), at 3 (Whiteman's counsel arguing that because "this is not habitual under the mandatory section," the sentencing judge "has discretion to impose a life sentence or to give him some period of time.") (D.I. 139); *id.* (Sentencing judge acknowledging: "That's correct."); *id.* at 12-13 (Sentencing judge explains discretion he had in determining sentence.).

[18]     The amendment of § 4214(a) requiring the Court to impose  a minimum sentence of no less than the statutory maximum penalty otherwise provided for each and every triggering Title 11 violent felony alleged in the State's habitual criminal petition wasn't enacted until seven years after Whiteman's sentencing and there has never been a hint it has or can be applied to him. *See* 70 DEL. LAWS ch. 477, § 2 (1996).

term under a previous version of the Habitual Criminal Act.[19]  And he, therefore, does not meet § 4214(f)'s type-of-sentence eligibility requirement.[20]

**NOW, THEREFORE, IT IS ORDERED** that Defendant Benjamin Whiteman's Request for a Certificate of Eligibility is **DENIED**; he may not file a petition seeking exercise of this Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).


*/s/ Paul R. Wallace*_____ ____
                                      Paul R. Wallace, Judge

Original to Prothonotary

cc:    Kathryn A.C. van Amerongen, Esquire
       Annemarie H. Puit, Chief Prosecutor, NCCo.
       Gregory E. Smith, Deputy Attorney General

---

[19]    DEL. CODE ANN. tit. 11, § 4214(f) (2019).

[20]    *See Coble v. State,* 2018 WL 6595333 (Del. Dec. 13, 2018) (Inmate was not eligible for relief under § 4214(f) because he had been sentenced to life imprisonment, which had been imposed solely within the sentencing judge's discretion under the then-extant provisions of the Habitual Criminal Act.); *Durham v. State*, 2018 WL 2069057, at * 1 (Del. May 2, 2018) (same); *State v. Williams*, 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018) (same).